**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **PAXTON COOK,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **V.** | § | **CIVIL ACTION NO. 3:23-cv-02885-K** |
| | § | |
| **STEVENS TRANSPORT, INC.,** | § | |
| | § | |
| *Defendant.* | § | |

# DEFENDANT'S EMERGENCY MOTION TO STAY DISCOVERY PENDING RULING ON ITS MOTION TO DISMISS AND BRIEF IN SUPPORT

Monte K. Hurst
State Bar No. 00796802
Monte.Hurst@hallettperrin.com

Kristen A. Laster
State Bar No. 24076499
KBrumbalow@hallettperrin.com

HALLETT & PERRIN, P.C.
1445 Ross Avenue, Suite 2400
Dallas, Texas 75202
214.953.0053
(f) 214.922.4142

*Counsel for Defendant
Stevens Transport, Inc.*

## <u>TABLE OF CONTENTS</u>

*Page*

TABLE OF AUTHORITIES.................................................................................................. iii

I.      INTRODUCTION ..................................................................................................... 1

II.     BACKGROUND FACTS .......................................................................................... 2

III.    PROCEDURAL HISTORY ...................................................................................... 3

IV.     LEGAL STANDARD ............................................................................................. 10

V.      ARGUMENTS & AUTHORITIES ........................................................................ 11

        A.      Stevens' Motion to Dismiss is Strong and Likely to Be Granted .......... 11

        B.      Stevens   Would   Be   Unfairly   Burdened   Under   These
                Circumstances ....................................................................................... 14

        C.      Cook's  Attempt  to  Conduct  Discovery  at  This  Juncture
                Constitutes Bad Faith ............................................................................ 15

        D.      The  Court  Should  Consider  Awarding  Attorney's  Fees  to
                Stevens ................................................................................................... 15

        PRAYER ................................................................................................................. 17

## TABLE OF AUTHORITIES

### Cases

*Page(s)*

*Baldwin v. Office of Injured Employee Counsel*,
No. 1:19-CV-454-RP, 2019 WL 13254070 (W.D. Tex. Sept. 5, 2019) ..................................13

*Cellular Recycler, LLC v. Broadtech, LLC*,
No. 3:20-CV-3656-B, 2021 WL 1017015 (N.D. Tex. Mar. 16, 2021)...................................15

*Chambers v. NASCO, Inc.*,
501 U.S. 32 (1991)....................................................................................................................15

*Davis v. Acorn Stairlifts, Inc.*,
No. 3:19-CV-02300-X, 2021 WL 2206838 (N.D. Tex. June 1, 2021)....................................15

*Gillani Consulting, Inc. v. Ferguson Entrs., Inc.*,
No. 3:07-cv-1488-O, 2008 WL 11425717 (N.D. Tex. Nov. 10, 2008) ..................................10

*Landis v. N. Am. Co.*,
299 U.S. 248 (1936)..................................................................................................................10

*Petrus v. Bowen*,
833 F.2d 581 (5th Cir. 1987) ...................................................................................................10

*Von Drake v. Nat'l Broad. Co., Inc.*,
No. 3-04-CV-0652R, 2004 WL 1144142 (N.D. Tex. May 20, 2004) ..................10, 11, 13, 14

*X Corp. v. Media Matters for Am.*,
No. 4:23-CV-01175-O, 2024 WL 1895255 (N.D. Tex. Apr. 26, 2024) ..................................10

### Statutes

Americans with Disabilities Act (ADA)................................................................................ *passim*

### Other Authorities

Rule 12(b)(6)........................................................................................................................ *passim*

# I.

## <u>INTRODUCTION</u>

Plaintiff Paxton Cook ("Cook") continues to proceed aimlessly in this ill-fated case, with each puzzling maneuver causing Defendant Stevens Transport, Inc. ("Stevens") to devote time and attention to its response, and to incur attorneys' fees. With Stevens' Motion to Dismiss Plaintiff's First Amended Complaint for Failure to State a Claim ("MTD First Amended Complaint") pending before the Court, Cook just last week willy-nilly served upon Stevens two sets of written discovery requests after the discovery deadline had expired, and without leave of court. The following circumstances here demonstrate the overwhelming good cause for the Court to disallow this tactic employed by Cook and to stay all discovery pending the Court's ruling on Stevens' MTD First Amended Complaint:

(1) **Stevens' MTD First Amended Complaint is strong and likely to be granted.** Therefore, a stay of discovery would save time and expense.

(2) **Stevens would be unfairly burdened.** Stevens would have to devote at least 11 hours of time to search for documents and information and to prepare responses to these discovery requests.

(3) **Cook's attempt to conduct discovery at this juncture constitutes bad faith.** Cook cannot be permitted to conduct discovery outside of the discovery period without the Court's permission, especially after having waited so long to pull this stunt.

Cook waited 225 days after the Court issued a Scheduling Order, and six days after the discovery completion deadline in that Scheduling Order, to serve these discovery requests. Cook did not bother asking the Court for permission to serve discovery requests outside of the Scheduling Order's discovery completion deadline. Cook's deadline to respond to Stevens'

pending MTD First Amended Complaint is December 11, 2024, and the deadline by which Stevens would have to respond to Cook's written discovery requests would be December 26, 2024, so Cook would not even have the hope of including with his response brief any materials or information obtained through this improper discovery.

Further, these discovery requests are packed with overbroad requests that seek production of documents and information that are not relevant to this case and that are seemingly intended for the improper purpose of attempting to secure inadmissible evidence that Cook could misrepresent to the Court that Stevens is a bad actor and should be punished for being a bad actor instead of being judged on the actions and evidence before the Court in this lawsuit.  This is the similar improper purpose that led Cook to include with his response to Stevens' motion to dismiss his first complaint, three unrelated and expired EEOC consent decrees that involved Stevens going back 12 years.

As set forth herein, good cause exists to stay discovery pending the Court's ruling on Stevens' MTD First Amended Complaint.  Stevens respectfully defers to the Court to decide whether Cook's conduct, up to and including serving Stevens with discovery requests outside of the discovery period and thus necessitating this Motion, has risen to the level that would warrant an award of attorney's fees to Stevens under the Court's inherent authority to do so.

## II.
## BACKGROUND FACTS

Cook is a commercial truck driver subject to the requirements of the Department of Transportation (DOT) Federal Motor Carrier Safety Administration (FMCSA) regulations.  *See* Pl.'s First Am. Compl. (Doc. 44) ¶ 17.  Between December 2020 and February 2021, Cook attended Commercial Driving License ("CDL") school in Missouri and obtained a CDL.  *See id.* ¶¶ 14, 15.  Cook then hoped to be hired by Stevens as a commercial truck driver.  *See id.* ¶ 17.  As

part of Stevens' orientation program, Cook underwent a DOT physical with a physician employed by ExamVIP on February 8, 2021. *See id.* ¶ 18.

During the physical, Cook disclosed to the ExamVIP physician that he was taking Depakote, a prescription drug that ameliorates the effects of bipolar disorder that had been prescribed by Cook's private physician. *See* Pl.'s First Am. Compl. (Doc. 44) ¶¶ 19–20. After conducting the physical examination, the DOT physician marked Cook's FMCSA Medical Examination Report Form as "[d]oes not meet standards." *Id.* ¶ 21; Def.'s App. Supp. Mot. to Dismiss (DOT Medical Forms) APP004 (Doc. 51). Dr. Rittenberry told Cook that "he could not drive for [Stevens] unless he stopped taking Depakote as prescribed by his physician." *See* Pl.'s First Am. Compl. (Doc. 44) ¶ 23. Stevens ultimately declined to hire Cook because he failed his DOT physical. *See id.* ¶ 24.

Cook had passed a DOT physical six weeks before reporting to Stevens. *See* Pl.'s First Am. Compl. (Doc. 44) ¶¶ 16–17; Def.'s App. Supp. Mot. to Dismiss (DOT Medical Forms) APP005–010 (Doc. 51).

### III.
### PROCEDURAL HISTORY

On December 29, 2023, Cook filed this lawsuit, asserting that Stevens violated the Americans with Disabilities Act (ADA) by declining to hire him and by not engaging in the interactive process. *See* Pl.'s Orig. Compl. (Doc. 1) ¶¶ 27–31.

***Stevens seeks dismissal under Rule 12(b)(6).***

On March 4, 2024, Stevens filed its Motion to Dismiss for Failure to State a Claim, demonstrating that Cook had failed to state a claim upon which relief could be granted for two independent reasons:

★    Cook failed the DOT physical at Stevens and Stevens' decision to not hire him was based on his inability to satisfy DOT medical standards.  Therefore, Cook has not sufficiently pleaded that he was a qualified individual under the ADA, that he was not hired due to his disability, or that a reasonable accommodation could have enabled him to perform the essential functions of the position.  *See* Def.'s Mot. to Dismiss (Doc. 12) at 6–8.

★    Cook failed to invoke the DOT's mandatory administrative process to resolve the conflicting medical opinions.  As a result, Cook cannot now, as a matter of law, prove an essential element of his ADA claim—that he was qualified as a Commercial Motor Vehicle (CMV) driver to drive in interstate commerce, with or without a reasonable accommodation.  As such, Cook again has not sufficiently pleaded that he was a qualified individual.  *See* Def.'s Mot. to Dismiss (Doc. 12) at 9–12.

### *Cook inappropriately attempts to assert new cause of action in his response brief.*

On April 8, 2024, Cook filed his Brief in Opposition to Defendant's Motion to Dismiss for Failure to State a Claim ("Opposition Brief"), wherein he attempted to assert a new cause of action—a claim for unlawful medical examination.  *See* Pl.'s Opp. Br. (Doc. 22).

### *Cook inappropriately includes with his response other legal matters going back 12 years.*

Cook included in the corresponding appendix three unrelated and expired EEOC consent decrees that involved Stevens going back to 2012, and the complaint that had been filed in one of those matters.  *See* App. to Pl.'s Opp. Br. (Doc. 23).

### *The Court issues a Scheduling Order.*

On April 15, 2024, the Court issued a Scheduling Order, setting the jury trial on the Court's three-week docket beginning September 15, 2025, and setting the corresponding discovery and pretrial deadlines.  *See* Scheduling Order (Doc. 25).  Pursuant to the Scheduling Order, the parties were required to complete all discovery by November 20, 2024.[1]  *See id.*

---

[1] The Scheduling Order indicates that the discovery completion deadline is November 20, <u>2025</u>.  *See* Scheduling Order (Doc. 25).  However, it is clear to the parties that the Court intended to set the discovery deadline for November 20, <u>2024</u>, because this case is set for jury trial on the Court's three-week docket beginning September 15, 2025, and all of the other discovery and pretrial deadlines appropriately precede the trial setting.  *See id.*

### *Stevens is forced to file motions to strike and for leave, along with its reply.*

On April 22, 2024, Stevens filed its Reply in Support of Its Motion to Dismiss for Failure to State a Claim.  *See* Def.'s Reply Supp. Mot. to Dismiss (Doc. 28).  In its Reply, Stevens argued that Cook's attempt to assert a claim for unlawful medical examination in his response brief was improper because, in addition to its factual inaccuracy, the claim was not properly before the Court for consideration, and it could not survive even if Cook had asserted it in his Original Complaint because he failed to exhaust his administrative remedies and Cook has no damages.  *See id.*

Stevens also filed on April 22, 2024, its Opposed Motion to Strike and Brief in Support, asking the Court to strike the materials that Cook had inappropriately included with his Opposition Brief because the materials had nothing to do with this case, they were especially inappropriate as exhibits to a response to a motion to dismiss under Rule 12(b)(6), and they were included for improper purposes—so that Cook could misrepresent to the Court that Stevens is a bad actor and should be punished for being a bad actor instead of being judged on the actions and evidence before the Court in this lawsuit.  *See* Def.'s Opp. Mot. to Strike (Doc. 26).

Stevens further filed on April 22, 2024, its Opposed Motion for Leave to File Charge with Its Reply in Support of Its Motion to Dismiss for Failure to State a Claim and Brief in Support, presenting Cook's Charge of Discrimination filed with the Equal Employment Opportunity Commission ("Charge"), to show that Cook had not exhausted his administrative remedies with regard to an unlawful medical examination claim.  *See* Def.'s Opp. Mot. for Leave to File Charge (Doc. 27).

### *The Court discourages Cook from filing a sur-reply.*

On May 13, 2024, the Court issued an Electronic Order, addressing Cook's request that the Court delay consideration of Defendant's Motion to Dismiss until he can seek leave to file a sur-

reply.  *See* Electronic Order of May 13, 2024 (Doc. 30).  The Court explained that, with the granted extension of his response deadline, Cook should have sufficient time to file a motion for leave to file a sur-reply.  *See id.*  But, the Court cited to cases articulating that sur-replies are disfavored by courts absent "exceptional or extraordinary circumstances."  *See id.* (first quoting *Appel v. Inspire Pharms., Inc.*, 712 F. Supp. 2d 538, 549 (N.D. Tex. 2010); then quoting *In re Life Partners Holdings, Inc.*, No. 4:19-CV-0497-O, 2020 WL 13561598, at *1 (N.D. Tex. Apr. 24, 2020); and then quoting *Warrior Energy Servs. Corp. v. ATP Tital M/V*, 551 F. App'x. 749, 751 n.2 (5th Cir. 2014)).

### Cook nevertheless files a sur-reply.

On May 24, 2024, Cook filed his Response to Defendant's Motion to Strike.  *See* Pl.'s Resp. to Def.'s Mot. to Strike (Doc. 32).  Additionally, in spite of the Court's warning, Cook filed Plaintiff's Motion for Leave to File Sur-reply.  *See* Pl.'s Mot. for Leave to File Sur-reply (Doc. 33).

### Stevens replies in support of its strike motion and responds to Cook's leave motion.

On May 31, 2024, Stevens filed its Reply in Support of Its Opposed Motion to Strike.  *See* Def.'s Reply Supp. Opp. Mot. to Strike (Doc. 34).  Stevens also filed its Response to Plaintiff's Motion for Leave to File Sur-Reply and Brief in Support, arguing that Cook's proposed sur-reply was nothing more than a transparent strategic attempt to have the last word on a matter he inappropriately raised in his response brief.  *See* Def.'s Resp. to Pl.'s Mot. for Leave to File Sur-Reply (Doc. 35).

### *Cook files a reply in support of his motion for leave.*

On June 14, 2024, Cook filed his Reply in Support of His Motion for Leave to File a Sur-Reply in Opposition to Defendant's Motion to Dismiss. *See* Pl.'s Reply Supp. Mot. for Leave to File Sur-Reply (Doc. 36).

### *The parties participate in mediation.*

On August 23, 2024, the parties mediated this matter in compliance with the Court's Scheduling Order, but did not achieve a resolution. *See* Parties' Joint Mediation Report (Doc. 42).

### *The Court orders Cook to either amend his complaint or advise that he will not do so.*

On October 2, 2024, the Court issued an Electronic Order. *See* Electronic Order of October 2, 2024 (Doc. 43). The Court noted that Cook had not amended his complaint once as a matter of course in response to Stevens' motion to dismiss and he had not otherwise amended his complaint since filing this lawsuit. *See id.* The Court presented Cook with the opportunity to amend his complaint "to plead his best case." *See id.* The Court ordered Cook to either amend his complaint by October 23, 2024, or provide by the same date formal notice that he was unwilling or unable to do so. *See id.* The Court warned Cook that, if he chose to stand on the adequacy of his original complaint and the Court found merit in Stevens' motion to dismiss, Cook would not be afforded another opportunity to amend his complaint prior to dismissal. *See id.*

### *Stevens advises Cook that it will not agree to extend deadlines.*

On October 15, 2024, Cook's counsel reached out to Stevens' counsel asking whether Stevens would join Cook in asking the Court to extend the discovery deadline to February 20, 2025 and to extend the deadline to file dispositive motions and expert challenges to March 21, 2025. *See* Def.'s App. Supp. Em. Mot. to Stay Disc. APP003–004 (Doc. 54). In response, Stevens' counsel explained that Stevens would ask that the Court rule on its pending Rule 12(b)(6) motion

to dismiss and, should Cook amend his complaint (per the Court's most recent order), any subsequently necessary Rule 12(b)(6) motion to dismiss, before the Court would have to consider extending discovery and pretrial deadlines.  *See id.*

### Cook files amended complaint, with new claim of unlawful medical examination.

On October 23, 2024, Cook filed his First Amended Complaint.  *See* Pl.'s First Am. Compl. (Doc. 44).  Cook reasserts that Stevens violated the ADA by declining to hire him and by not engaging in the interactive process.  *See id.* ¶¶ 30–37.  Cook adds a claim of unlawful medical examination, alleging that Stevens violated the ADA by requiring him to undergo a DOT physical without first providing him with a conditional offer of employment.  *See id.* ¶¶ 38–43.

### Stevens seeks dismissal of Cook's amended complaint under Rule 12(b)(6).

On November 20, 2024, Stevens filed its MTD First Amended Complaint.  *See* Def.'s Mot. to Dismiss Pl.'s First Am. Compl. (Doc. 48).  Stevens demonstrates that Cook's reasserted claim that Stevens violated the ADA by declining to hire him and by not engaging in the interactive process is doomed for the same two, independent reasons as before.  *See id.* at 6–13.  Stevens also demonstrates that Cook's new claim—that Stevens violated the law by requiring him to undergo a DOT physical without first providing him with a conditional offer of employment—also fails state a claim upon which relief can be granted because of the following four independent reasons:

★    After failing the DOT physical, Cook was not a qualified individual with a disability.  *See* Def.'s Mot. to Dismiss Pl.'s First Am. Compl. (Doc. 48) at 14–16.

★    Cook failed to exhaust his administrative remedies with regard to an unlawful medical examination claim, as he had not made this allegation in his Charge.  *See* Def.'s Mot. to Dismiss Pl.'s First Am. Compl. (Doc. 48) at 16–17.

★    Cook's claim for unlawful medical examination is time-barred and the relation-back doctrine would not apply here.  *See* Def.'s Mot. to Dismiss Pl.'s First Am. Compl. (Doc. 48) at 18–21.

★    Cook did not suffer an injury in fact from the alleged violation, nor is there a causal connection between the injury and the alleged violation. *See* Def.'s Mot. to Dismiss Pl.'s First Am. Compl. (Doc. 48) at 21–25.

In support of its MTD First Amended Complaint, Stevens presents to the Court for consideration the Medical Examination Report Forms of N. Rittenberry, D.O. and of J. Wakeman, M.D., *see* Def.'s App. Supp. Mot. to Dismiss (DOT Medical Forms) (Doc. 51), and Cook's Charge, *see* Def.'s App. Supp. Mot. to Dismiss (EEOC Charge of Discrimination) (Doc. 52).

### *Cooks inexplicably serves written discovery requests on Stevens.*

On November 26, 2024, 225 days after the Court issued the Scheduling Order and six days after the discovery completion deadline in that Scheduling Order, Cook served upon Stevens Plaintiff's First Set of Requests for Production to Defendant and Plaintiff's First Set of Interrogatories Directed to Defendant. *See* Def.'s App. Supp. Em. Mot. to Stay Disc. APP005–015 (Doc. 54).

Included among Cook's 24 requests for production are the following overbroad requests, seeking materials not relevant to this case that Cook believes would nevertheless attempt to vilify Stevens:

19.    Any and all documents relating to Chiropractor Rittenberry using the offices or facilities of Defendant to conduct medical examinations of employees or potential employees of Defendant.

20.    Any and all documents relating "stricter standards" for employees of Defendant as referred to by Chiropractor Rittenberry during the medical examination of Plaintiff referred to in paragraphs 21 and 22 of the First Amended Complaint.

21.    Any and all documents relating to medical examination standards utilized by Defendant in the hiring of commercial truck drivers.

22.    Any and all federal or state lawsuits against Defendant alleging disability discrimination (the Original Complaint or other document showing the style of the case will be sufficient).

23.    Any and all sworn deposition testimony by Chiropractor Rittenberry related to the hiring or denied hiring of any employee of Defendant.

24.    Any and all declarations or affidavits by Chiropractor Rittenberry within your possession, custody, or control.

Included among Cook's five interrogatories is the following overbroad interrogatory seeking information not relevant to this case that Cook believes would nevertheless attempt to vilify Stevens:

4.    Other than in this matter, has this Defendant ever been accused of disability discrimination, been a respondent in an administrative proceeding regarding disability discrimination, or sued for disability discrimination? If your answer is 'yes,' please identify the parties involved and describe the claims made.

## IV.
## LEGAL STANDARD

Federal district courts possess the inherent power to control proceedings in their courts. *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936); *X Corp. v. Media Matters for Am.*, No. 4:23-CV-01175-O, 2024 WL 1895255, at *1 (N.D. Tex. Apr. 26, 2024). This includes broad discretion to regulate discovery. *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987); *X Corp.*, 2024 WL 1895255, at *1. "The power to stay any part of a case—or even the entire proceeding—is incidental to a court's power to dispose of cases to promote fair and efficient adjudication." *X Corp.*, 2024 WL 1895255, at *1 (citing *United States v. Breyer*, 41 F.3d 884, 893 (3d Cir. 1994)).

Despite this discretion, a stay should not be automatically granted. *Gillani Consulting, Inc. v. Ferguson Entrs., Inc.*, No. 3:07-cv-1488-O, 2008 WL 11425717, at *1 (N.D. Tex. Nov. 10, 2008). The court has discretion to stay discovery "for good cause shown." *Von Drake v. Nat'l Broad. Co., Inc.*, No. 3-04-CV-0652R, 2004 WL 1144142, at *1 (N.D. Tex. May 20, 2004) (citing Fed. R. Civ. P. 26(c)). Among the factors that inform the court's discretion are the following: (1) the breadth of discovery sought; (2) the burden of responding to such discovery; and (3) the

strength of the dispositive motion filed by the party seeking a stay. *Id.* (citations omitted). A stay of discovery may be appropriate where the disposition of a motion to dismiss "might preclude the need for the discovery altogether thus saving time and expense." *Id.* (quoting *Landry v. Air Line Pilots Ass'n Intern. AFL-CIO*, 901 F.2d 404, 436 (5th Cir. 1990), *opinion modified on denial of reh'g* (Apr. 27, 1990)).

**V.**
**ARGUMENTS & AUTHORITIES**

The Court should shut down Cook's improper attempt to conduct written discovery at this juncture, because there is good cause to stay all discovery pending ruling on Stevens' MTD First Amended Complaint.

**A.    Stevens' Motion to Dismiss is Strong and Likely to Be Granted.**

The strength of the dispositive motion filed by the party seeking a stay is a factor that informs the court's discretion in assessing whether good cause exists. *Von Drake*, 2004 WL 1144142, at *1. Indeed, a stay of discovery may be appropriate where the disposition of a motion to dismiss "might preclude the need for the discovery altogether thus saving time and expense." *Id.* (quoting *Landry*, 901 F.2d at 436).

Stevens' pending motion to dismiss is strong and likely to be granted, and thus a stay of discovery would save time and expense. After having given Cook one last opportunity to amend his complaint, the Court should, based on the relevant law presented by Stevens, dismiss under Rule 12(b)(6) Cook's claim that Stevens violated the ADA by declining to hire him and by not engaging in the interactive process, for the following, independent reasons:

★    Cook failed the DOT physical at Stevens and Stevens' decision to not hire him was based on his inability to satisfy DOT medical standards—nothing more. Therefore, Cook has not sufficiently pleaded that he was a qualified individual under the ADA, that he was not hired due to his disability, or that a reasonable accommodation could

have enabled him to perform the essential functions of the position. *See* Def.'s Mot. to Dismiss Pl.'s First Am. Compl. (Doc. 48) at 6–10.

★     Cook failed to invoke the DOT's mandatory administrative process to resolve the conflicting medical opinions. As a result, Cook cannot, as a matter of law, prove an essential element of his ADA claim—that he was qualified as a Commercial Motor Vehicle (CMV) driver to drive in interstate commerce, with or without a reasonable accommodation. As such, Cook again has not sufficiently pleaded that he was a qualified individual. *See* Def.'s Mot. to Dismiss Pl.'s First Am. Compl. (Doc. 48) at 10–14.

Additionally, again after having given Cook one last opportunity to amend his complaint, the Court should, based on the relevant law presented by Stevens, dismiss under Rule 12(b)(6) the only other claim asserted by Cook—Stevens violated the ADA by requiring him to undergo a DOT physical without first providing him with a conditional offer of employment—for the following, independent reasons:

★     After failing the DOT physical, Cook was not a qualified individual with a disability. *See* Def.'s Mot. to Dismiss Pl.'s First Am. Compl. (Doc. 48) at 14–16.

★     Cook failed to exhaust his administrative remedies with regard to an unlawful medical examination claim, as he had not made this allegation in his Charge. *See* Def.'s Mot. to Dismiss Pl.'s First Am. Compl. (Doc. 48) at 16–17.

★     Cook's claim for unlawful medical examination is time-barred and the relation-back doctrine would not apply here. *See* Def.'s Mot. to Dismiss Pl.'s First Am. Compl. (Doc. 48) at 18–21.

★     Cook did not suffer an injury in fact from the alleged violation, nor is there a causal connection between the injury and the alleged violation. *See* Def.'s Mot. to Dismiss Pl.'s First Am. Compl. (Doc. 48) at 21–25.

Stevens expects that Cook will counter Stevens' request for dismissal of his claim that Stevens violated the ADA by declining to hire him and by not engaging in the interactive process, with the same or similar arguments he included in his response to Stevens' motion to dismiss his original complaint. *See* Pl.'s Opp. Br. (Doc. 22). Stevens addressed and defeated those arguments

in its reply brief.  *See* Def.'s Reply Supp. Mot. to Dismiss (Doc. 28).[2]  Stevens includes in its MTD First Amended Complaint some of those winning arguments from its reply brief to preemptively address Cook's anticipated arguments.  *See generally* Def.'s Mot. to Dismiss Pl.'s First Am. Compl. (Doc. 48).  And just as it did in its previously filed reply brief, Stevens will put any additional issues to rest in its reply in support of Stevens' MTD First Amended Complaint.

Without repeating all of the arguments and authority included in Stevens' MTD First Amended Complaint, it is safe to say that each argument is persuasive, well-reasoned and supported by authority.  Courts in similar circumstances have found good cause to stay discovery:

- In *Von Drake v. Nat'l Broad. Co., Inc.*, No. 3-04-CV-0652R, 2004 WL 1144142, at *2 (N.D. Tex. May 20, 2004), the court held that there was good cause to grant the defendants' motion to stay discovery pending the defendants' motion to dismiss, finding a "cursory review of the motion reveals that defendants have substantial arguments for dismissal of many, if not all, of plaintiff's claims," "many of the interrogatories and document requests served on defendants are overly broad and harassing," and the plaintiff had not shown that a temporary stay of discovery would substantially or unduly delay the litigation should his claims survive dismissal.

- In *Baldwin v. Office of Injured Employee Counsel*, No. 1:19-CV-454-RP, 2019 WL 13254070, at *1 (W.D. Tex. Sept. 5, 2019), the court held that there was good cause to grant the defendant's motion to stay discovery pending the court's ruling on the

---

[2] The Court did not rule on the merits of Stevens' motion to dismiss Cook's original complaint, which attacked the only claims Cook had included in his original complaint—Stevens violated the ADA by declining to hire him and by not engaging in the interactive process.  *See* Pl.'s Orig. Compl. (Doc. 1) ¶¶ 27–31.  However, the Court issued an Electronic Order on October 2, 2024, presenting Cook with the opportunity to amend his complaint "to plead his best case."  *See* Electronic Order of October 2, 2024 (Doc. 43).  The Court warned Cook that, if he chose to stand on the adequacy of his original complaint and the Court found merit in Stevens' motion to dismiss, Cook would not be afforded another opportunity to amend his complaint prior to dismissal.  *See id.*

defendant's motion to dismiss, finding that the lawsuit "was substantially likely to be either dismissed or substantially narrowed" and that "wide-ranging discovery before resolution of [the defendant's motion to dismiss] presents an unwarranted burden."

**B.      Stevens Would Be Unfairly Burdened Under These Circumstances.**

The breadth of discovery sought and the burden of responding to such discovery are also factors that inform the court's discretion in assessing whether good cause exists.  *Von Drake*, 2004 WL 1144142, at *1.

Stevens estimates that, notwithstanding the overbreadth and lack of relevance of the discovery requests, it would have to devote at least 11 hours of time to search for documents and information and to prepare responses to these discovery requests.  *See* Declaration of Monte K. Hurst ("Hurst Decl."), ¶ 5, Def.'s App. Supp. Em. Mot. to Stay Disc. APP002 (Doc. 54).

Further, these discovery requests are packed with overbroad requests that seek production of documents and information that are not relevant to this case and that are seemingly intended for the improper purpose of attempting to secure evidence that Cook could misrepresent to the Court that Stevens is a bad actor and should be punished for being a bad actor instead of being judged on the actions and evidence before the Court in this lawsuit.  *See* Def.'s App. Supp. Em. Mot. to Stay Disc. APP005–015 (Doc. 54).  This is the similar improper purpose that inspired Cook's previous attempt to present to the Court, with his response to Stevens' motion to dismiss his first complaint, three unrelated and expired EEOC consent decrees that involved Stevens going back to 2012.  *See* Def.'s Opp. Mot. to Strike (Doc. 26).

**C.      Cook's Attempt to Conduct Discovery at This Juncture Constitutes Bad Faith.**

Cook cannot be permitted to conduct discovery outside of the discovery period without the Court's permission, especially after having waited so long to pull this stunt. Cook waited 225 days after the Court issued the Scheduling Order, and six days after the discovery completion deadline in that Scheduling Order, to serve these discovery requests. Cook did not bother asking the Court for permission to serve discovery requests outside of the Scheduling Order's discovery completion deadline.

Cook's deadline to respond to Stevens' pending motion to dismiss is December 11, 2024, and the deadline for Stevens to respond to Cook's discovery is on December 26, 2024, so Cook would not even have the hope of including with his response brief any materials or information obtained through this improper discovery.

**D.      The Court Should Consider Awarding Attorney's Fees to Stevens.**

Stevens respectfully defers to the Court to decide whether Cook's conduct, up to and including serving Stevens with discovery requests outside of the discovery period and thus necessitating this Motion, has risen to the level that would warrant an award of attorney's fees to Stevens.

Courts possess inherent authority to award attorney's fees in response to bad faith litigation conduct. *Davis v. Acorn Stairlifts, Inc.*, No. 3:19-CV-02300-X, 2021 WL 2206838, at *1 (N.D. Tex. June 1, 2021) (citing to *Chambers v. NASCO, Inc.*, 501 U.S. 32, 54 (1991)). Particularly, a court may employ its inherent power to award a party reasonable attorney's fees when another party has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Chambers*, 501 U.S. at 45–46; *see also Cellular Recycler, LLC v. Broadtech, LLC*, No. 3:20-CV-3656-B, 2021 WL 1017015, at *2–3 (N.D. Tex. Mar. 16, 2021).

In this case, Cook waited 225 days after the Court issued the Scheduling Order, and six days after the discovery completion deadline in that Scheduling Order, to serve two sets of written discovery requests upon Stevens.  Cook did not bother asking the Court for permission to serve discovery requests outside of the Scheduling Order's discovery completion deadline.

Cook's deadline to respond to Stevens' pending motion to dismiss is December 11, 2024, and the deadline for Stevens to respond to Cook's discovery is on December 26, 2024, so Cook would not even have the hope of including with his response brief any materials or information obtained through this improper discovery.

Further, these discovery requests are packed with overbroad requests that seek production of documents and information that are not relevant to this case and that are seemingly intended for the improper purpose of attempting to secure evidence that Cook could misrepresent to the Court that Stevens is a bad actor and should be punished for being a bad actor instead of being judged on the actions and evidence before the Court in this lawsuit..  *See* Def.'s App. Supp. Em. Mot. to Stay Disc. APP005–015 (Doc. 54).  This is the similar improper purpose that inspired Cook's previous attempt to present to the Court, with his response to Stevens' motion to dismiss his first complaint, three unrelated and expired EEOC consent decrees that involved Stevens going back 12 years.  *See* Def.'s Opp. Mot. to Strike (Doc. 26).

Stevens' counsel spent over 22 hours of time conducting research for and drafting this Motion.  *See* Hurst Decl., ¶ 6, Def.'s App. Supp. Em. Mot. to Stay Disc. APP002 (Doc. 54).

## **PRAYER**

For all of these reasons, Stevens respectfully requests that (1) this Motion be granted; (2) all discovery be stayed pending the Court's ruling on Stevens' MTD First Amended Complaint; (3) in the alternative, the Court find that Cook's written discovery requests are untimely, and thus Stevens need not respond to it; (4) the Court consider awarding attorney's fees to Stevens; and (5) Stevens be granted any other and further relief to which it may show itself justly entitled at law or in equity.

Respectfully submitted,

HALLETT & PERRIN, P.C.
1445 Ross Avenue, Suite 2400
Dallas, Texas 75202
214.953.0053
(f) 214.922.4142


By:    *Monte K. Hurst*
       Monte K. Hurst
       State Bar No. 00796802
       Monte.Hurst@hallettperrin.com

       Kristen A. Laster
       State Bar No. 24076499
       KBrumbalow@hallettperrin.com

       *Counsel for Defendant Stevens Transport, Inc.*

## CERTIFICATE OF CONFERENCE

On October 15, 2024, Cook's counsel reached out to me asking whether Stevens would join Cook in asking the Court to extend the discovery deadline to February 20, 2025 and to extend the deadline to file dispositive motions and expert challenges to March 21, 2025. I responded that Stevens would ask that the Court rule on its pending Rule 12(b)(6) motion to dismiss and, should Cook amend his complaint (per the Court's most recent order), any subsequently necessary Rule 12(b)(6) motion to dismiss, before the Court would have to consider extending discovery and pretrial deadlines.


*Monte K. Hurst*
Monte K. Hurst

## CERTIFICATE OF SERVICE

On December 4, 2024, I filed the foregoing document with the Clerk of the Court of the U.S. District Court for the Northern District of Texas. I hereby certify that I have served the document on Plaintiff's counsel as follows in compliance with Rule 5(b) of the Federal Rules of Civil Procedure:

Mr. Joseph Gillespie
GILLESPIE SANFORD LLP
4803 Gaston Avenue
Dallas, Texas 75246
Joe@gillespiesanford.com

Mr. Adam P. Pihana
HALL ANSLEY, P.C.
3275 East Ridgeview
Springfield, Missouri 65804
APihana@hallansley.com

Mr. Timothy A. Ricker
HALL ANSLEY, P.C.
3275 East Ridgeview
Springfield, Missouri 65804
TRicker@hallansley.com

*Monte K. Hurst*

Monte K. Hurst