IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PAXTON COOK, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 3:23-cv-02885-K |
| | § | |
| STEVENS TRANSPORT, INC. | § | |
| | § | |
| *Defendant*. | § | |

# DEFENDANT'S APPENDIX IN SUPPORT OF ITS EMERGENCY MOTION TO STAY DISCOVERY PENDING RULING ON ITS <u>MOTION TO DISMISS AND BRIEF IN SUPPORT</u>

Monte K. Hurst
State Bar No. 00796802
<u>Monte.Hurst@hallettperrin.com</u>

Kristen A. Laster
State Bar No. 24076499
<u>KBrumbalow@hallettperrin.com</u>

HALLETT & PERRIN, P.C.
1445 Ross Avenue, Suite 2400
Dallas, Texas 75202
214.953.0053
(f) 214.922.4142

*Counsel for Defendant*
*Stevens Transport, Inc.*

## **TABLE OF CONTENTS**

| Document | Page(s) |
|---|---|
| Declaration of M. Hurst (December 3, 2024) | APP001–APP002 |
| E-mail Exchange Between M. Hurst and J. Gillespie (October 15, 2024) | APP003–APP004 |
| Plaintiff's First Set of Requests for Production to Defendant (November 26, 2024) | APP005–APP010 |
| Plaintiff's First Set of Interrogatories Directed to Defendant (November 26, 2024 | APP011–APP015 |

Respectfully submitted,

HALLETT & PERRIN, P.C.
1445 Ross Avenue, Suite 2400
Dallas, Texas 75202
214.953.0053
(f) 214.922.4142


By:  */s/ Monte K. Hurst*
     Monte K. Hurst
     State Bar No. 00796802
     Monte.Hurst@hallettperrin.com

     Kristen A. Laster
     State Bar No. 24076499
     KBrumbalow@hallettperrin.com

     *Counsel for Defendant*
     *Stevens Transport, Inc.*

-iv-

## CERTIFICATE OF SERVICE

    I certify that on December 4, 2024, I served a copy of the foregoing document on Plaintiff's counsel as follows in compliance with Rule 5(b) of the Federal Rules of Civil Procedure:

Mr. Joseph Gillespie
GILLESPIE SANFORD LLP
4803 Gaston Avenue
Dallas, Texas 75246
Joe@gillespiesanford.com

Mr. Adam P. Pihana
HALL ANSLEY, P.C.
3275 East Ridgeview
Springfield, Missouri 65804
APihana@hallansley.com

Mr. Timothy A. Ricker
HALL ANSLEY, P.C.
3275 East Ridgeview
Springfield, Missouri 65804
TRicker@hallansley.com

*Monte K. Hurst*
Monte K. Hurst

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PAXTON COOK, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 3:23-cv-02885-K |
| | § | |
| STEVENS TRANSPORT, INC., | § | |
| | § | |
| *Defendant*. | § | |

# DECLARATION OF MONTE K. HURST

I, Monte K. Hurst, declare that the following statements are true and correct, and based on my personal knowledge.

1. My name is Monte K. Hurst. I am over 18 years of age, of sound mind, and have never been convicted of a felony. I am personally acquainted with the facts stated herein. I affirm that the following is true and correct.

2. I am a Shareholder, Director, and Head of Litigation at the law firm of HALLETT & PERRIN, P.C. in Dallas, Texas. I am lead counsel for Defendant Stevens Transport, Inc. ("Stevens") in this matter.

3. On October 15, 2024, Joe Gillespie, counsel for Plaintiff Paxton Cook ("Cook"), e-mailed me to ask whether Stevens would join Cook in asking the Court to extend the discovery deadline to February 20, 2025 and to extend the deadline to file dispositive motions and expert challenges to March 21, 2025. I e-mailed back that Stevens would ask that the Court rule on its pending Rule 12(b)(6) motion to dismiss and, should Cook amend his complaint (per the Court's most recent order), any subsequently necessary Rule 12(b)(6) motion to dismiss, before the Court would have to consider extending discovery and pretrial deadlines. Attached hereto as APP003–004 is a true and correct copy of my e-mail exchange with Joe Gillespie on October 15, 2024.

-2-

4. On November 26, 2024, Cook served upon Stevens Plaintiff's First Set of Requests for Production to Defendant and Plaintiff's First Set of Interrogatories Directed to Defendant. Attached hereto as APP005–010 is a true and correct copy of Plaintiff's First Set of Requests for Production to Defendant. Attached hereto as APP011–015 is a true and correct copy of Plaintiff's First Set of Interrogatories Directed to Defendant.

5. We would estimate that, notwithstanding the overbreadth and lack of relevance of the discovery requests, Stevens and this office would have to devote at least 11 hours of time to search for documents and information and to prepare responses to these discovery requests.

6. This office has spent over 22 hours of time conducting research for and drafting this Motion.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

EXECUTED in Dallas County, State of Texas, on this 4th day of December 2024.

*Monte K. Hurst*
MONTE K. HURST

**From:** Monte K. Hurst <monte.hurst@hallettperrin.com>
**Sent:** Tuesday, October 15, 2024 3:49 PM
**To:** Joe Gillespie <joe@gillespiesanford.com>
**Cc:** Adam Pihana <apihana@hallansley.com>; Timothy A. Ricker <tricker@hallansley.com>; Angie Demshar <ademshar@hallansley.com>; Charlie Cai <Charlie@gillespiesanford.com>; Kristen A. Brumbalow <KBrumbalow@hallettperrin.com>; Ceicili S. Morales <cmorales@hallettperrin.com>; Emma N. Sanchez <esanchez@hallettperrin.com>
**Subject:** Cook v. Stevens Transport - deadlines

Hi Joe.  Thank you for your e-mail message.  It does look like there is a typo for the date of the discovery deadline.  Stevens Transport would ask that the Court rule on its pending Rule 12(b)(6) motion to dismiss and, should Paxton Cook amend his complaint (per the Court's most recent order), any subsequently necessary Rule 12(b)(6) motion to dismiss, before the Court would have to consider extending discovery and pretrial deadlines.  With that, we respectfully decline the invitation to jointly request extensions.

Please let me know if you would like to visit over the phone about any of this.

Thanks,
Monte

---

**MONTE K. HURST**
Shareholder

**HALLETT&PERRIN**
D 214.922.4111| F 214.922.4142 | monte.hurst@hallettperrin.com
1445 Ross Ave., Suite 2400 | Dallas, Texas 75202
Disclaimer

---



Client Advisory: Effective January 1, 2024, the Corporate Transparency Act requires U.S. businesses to report their beneficial ownership information to the Financial Crimes Enforcement Network (FinCEN). If you are a Hallett & Perrin client and would like more information, please contact our firm or visit this link.

**From:** Joe Gillespie <joe@gillespiesanford.com>
**Sent:** Tuesday, October 15, 2024 2:56 PM
**To:** Monte K. Hurst <monte.hurst@hallettperrin.com>
**Cc:** Adam Pihana <apihana@hallansley.com>; Timothy A. Ricker <tricker@hallansley.com>; Angie Demshar <ademshar@hallansley.com>; Charlie Cai <Charlie@gillespiesanford.com>
**Subject:** Cook v. Stevens Transport - deadlines

**APP003**

Monte,

Regarding discovery in the Cook case.

The current scheduling order (Docket No. 25) has the discovery deadline as 11/20/25 which must be a typo because the trial setting is 9/15/25.

The discovery deadline, MSJ deadline, and Daubert deadline in the scheduling order are not in line with the trial setting of 9/15/25 and given the typo in the discovery deadline, I suggest we jointly ask the court to reset the discovery deadline to 2/20/25 and the MSJ and Daubert deadline to 3/21/25.  This would make the MSJ deadline still approximately 6 months prior to the trial setting of 9/15/25.

Let me know if we can agree upon a joint motion and/or if you have any feedback on these proposed dates.

Sincerely,

Joe Gillespie
Partner
Board Certified in Labor and Employment Law
Gillespie Sanford LLP
4803 Gaston Ave.
Dallas, Texas 75246
(214) 800-5111
(214) 838-0001 fax
www.gillespiesanford.com

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| PAXton COOK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   Civil Action No.: 3:23-cv-02885-G |
| | ) |
| STEVENS TRANSPORT, INC., | ) |
| | ) |
| Defendant. | ) |

## PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION TO DEFENDANT

COMES NOW Plaintiff, Paxton Cook, by and through his undersigned counsel, and hereby submits its First Set of Requests for Production of Documents to be responded to fully within thirty (30) days from the date of service hereof and in accordance with Fed. R. Civ. P. 34.

## REQUESTS

1. A copy of any and all applicable insurance policies and/or indemnification policies, and the declaration pages of each policy, covering you.

**RESPONSE:**

2. Any written or recorded statements made by any person who gave input on, participated in, or assisted in the decision to not to hire plaintiff for his employment with this defendant. If you believe that any of said statements contain work product, please identify said statements with sufficient particularity such that plaintiff may determine the applicability of the work product privilege.

**RESPONSE:**

1

3. Any written or recorded statements made by plaintiff relating to any matter set forth in the Petition or to the occurrences set forth therein.

**RESPONSE:**

4. All files maintained by this defendant concerning plaintiff's application employment, job offers, or medical examination concerning his attempts to be hired for a position with this defendant.

**RESPONSE:**

5. A current curriculum vitae of each retained expert you intend to use to provide you with expert testimony in this cause.

**RESPONSE:**

6. Any documents specifically referred to in your Answers to Plaintiff's Interrogatories to you.

**RESPONSE**:

7. Any documents identified in this Defendant's initial disclosures.

**RESPONSE:**

8. Correspondence between you and plaintiff or plaintiff's agents or between plaintiff and any agent, representative, servant or employee of this defendant which references, refers to or comments on plaintiff's potential employment or application with this defendant. If you believe that any of the material sought contains privileged material, please identify the privileged material with sufficient particularity to allow plaintiff may determine the applicability of the privilege.

**RESPONSE:**

9. Complete copies of any documents identifying, describing or referring to defendant's decision to not move forward with the hiring of plaintiff. If you believe that any of the material sought contains privileged material, please identify the privileged material with sufficient particularity to allow plaintiff may determine the applicability of the privilege.

**RESPONSE:**

10. Plaintiff's entire applicant file.

**RESPONSE:**

11. Copies of any employee handbook provision, policy, or rule you relied upon in the decision not to hire Plaintiff.

**RESPONSE:**

12. Copies of all material this defendant sent to or received from any federal or state agency regarding Plaintiff.

**RESPONSE:**

13. Copies of any contracts that this defendant had in force and effect with Chiropractor Rittenberry or his employer at the time of plaintiff's application.

**RESPONSE:**

14. Copies of any policies, procedure or instructions that this defendant has provided to Chiropractor Rittenberry related to his work as a contractor on behalf of Stevens.

**RESPONSE:**

15. Copies of any emails sent to or received from Chiropractor Rittenberry which reference "Paxton," "Cook," or "Paxton Cook" in the body or subject line of the email.

**RESPONSE:**

16. Copies of any policies maintained by this defendant which related to the use of prescription medications while working on behalf of this defendant and which were in force and effect from the date of plaintiff's application until the date he was informed he would not be hired for a position.

**RESPONSE:**

17. A copy of the applicable job description for the position applied for by plaintiff.

**RESPONSE:**

18. Any offers of employment this defendant extended to plaintiff.

**RESPONSE:**

19. Any and all documents relating to Chiropractor Rittenberry using the offices or facilities of Defendant to conduct medical examinations of employees or potential employees of Defendant.

**RESPONSE:**

20. Any and all documents relating "stricter standards" for employees of Defendant as referred to by Chiropractor Rittenberry during the medical examination of Plaintiff referred to in paragraphs 21 and 22 of the First Amended Complaint.

**RESPONSE:**

21. Any and all documents relating to medical examination standards utilized by Defendant in the hiring of commercial truck drivers.

**RESPONSE:**

22. Any and all federal or state lawsuits against Defendant alleging disability discrimination (the Original Complaint or other document showing the style of the case will be sufficient).

**RESPONSE:**

23. Any and all sworn deposition testimony by Chiropractor Rittenberry related to the hiring or denied hiring of any employee of Defendant.

**RESPONSE:**

24. Any and all declarations or affidavits by Chiropractor Rittenberry within your possession, custody, or control.

**RESPONSE:**

        GILLESPIE SANFORD, LLP

        By: /s/ *Joseph H. Gillespie*
        Texas Bar Number 24036636
        4803 Gaston Avenue
        Dallas, Texas 75246
        Ph: 214-800-5111
        Fax: 214-838-0001
        Email: joe@gillespiesanford.com

        **HALL ANSLEY,**
        A Professional Corporation

        By: /s/ *Adam P. Pihana*
        ADAM P. PIHANA
        Missouri Bar Number 59540
        TIMOTHY A. RICKER
        Missouri Bar Number 62050

        3275 East Ridgeview
        Springfield, MO 65804
        Telephone: 417/890-8700
        Facsimile: 417/890-8855
        Email: apihana@hallansley.com
        Email: tricker@hallansley.com

        *Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

The undersigned certifies that on this Tuesday, November 26, 2024, the foregoing instrument was served via email and fax to Defendant's attorneys of record:

Monte.Hurst@hallettperrin.com
KBrumbalow@hallettperrin.com
Monte K. Hurst
Kristen A. Laster
Hallett & Perrin, P.C.
1445 Ross Avenue, Suite 2400
Dallas, Texas 75202
  *Attorneys for Defendant*

                                           HALL ANSLEY,
                                           A Professional Corporation

                                           By: /s/ *Adam P. Pihana*
                                           ADAM P. PIHANA
                                           Missouri Bar Number 59540

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PAXTON COOK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No.: 3:23-cv-02885-G |
| | ) | |
| STEVENS TRANSPORT, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S FIRST SET OF INTERROGATORIES DIRECTED TO DEFENDANT**

COMES NOW Plaintiff, Paxton Cook, by and through his attorneys of record, pursuant to Fed. R. Civ. P. 33, and requests that Defendant answer the following interrogatories, under oath and according to law:

I.   **INTRODUCTION**:

In answering the following interrogatories, furnish all information which is available to you, including information in the possession of your agents. If you cannot answer the following interrogatories in full after exercising due diligence to secure the information, to do so, so state, and answer to the extent possible, specifying your inability to answer the remainder and stating whatever information or knowledge you have concerning the unanswered questions.

The interrogatories which follow are to be regarded as continuing, and you are requested to provide, by way of supplementary answers thereto, such additional information or material as you, your counsel, or any other person in your behalf, or subject to your control, may hereafter obtain, which will augment or otherwise modify the answers now given to those interrogatories which has reference to names and addresses of persons having knowledge of discoverable facts, which has reference to the names and addresses of expert witnesses expected to be called at trial,

or which corrects those interrogatories, the responses to which were incorrect when made or which are now incorrect because of a change in circumstance.

II. **DEFINITIONS**:

    A. As used herein, the term "document" means the original or drafts of any kind of written or graphic matter, however produced or reproduced, of any kind or description, whether sent or received, or neither, and all copies thereof which are different in any way from the original (whether by interlineation, receipt, stamp, notation, indication of copies sent or received, or otherwise), regardless of whether designated "confidential," "privileged" or otherwise and including, without limitation any paper, book, account, ledger, invoice, statement, bill, brochure, proposal, bid, purchase, order, check, draft, money order, photographs, blueprints, drawings, agreements, contracts, warranty, memorandum, advertising material, letter, telegram, object, report, record, transcript, study note, notation, diary, log, working paper, intra office communication, interoffice communication, chart, minutes, index sheet, computer software, computer printout, quotation, bulletin, circular, manual, summary, graph, recording or memorandum of telephone conversations or of interviews, or of conferences, or any other written, recorded, transcribed, punched, taped, filmed or graph material, however produced to which defendant(s), or any of his agents, servants or employees has or has had access, or of which defendant(s) or any of his agents, servants or employees has knowledge.

    B. "Identify", when referring to an individual person, means to state his full name, his present address or last known address, and telephone number, his present or last known position and business affiliation and title of position held and by whom employed at the time of each event, transaction or occurrence hereinafter referred to; and, when referring to a document, (e.g. letter, memorandum, et cetera) or some other means of identifying it.

C. "You" or "your" in any of the following interrogatories which refer to "you" or "your", the word "you" or "your" should be understood to refer to this Defendant, and any agent, servant, or employee or other person acting or purporting to act on behalf of this Defendant.

III. **INTERROGATORIES:**

1. Please state the exact and complete reason(s) why you did not hire Plaintiff.

   **ANSWER:**

2. Please identify each individual who had input into the decision and/or who decided to not hire Plaintiff.

   **ANSWER:**

3. Do you allow truck drivers employed by you to take Depakote and if not, please explain in detail why not?

   **ANSWER:**

4. Other than in this matter, has this Defendant ever been accused of disability discrimination, been a respondent in an administrative proceeding regarding disability discrimination, or sued for disability discrimination? If your answer is 'yes,' please identify the parties involved and describe the claims made.

   **ANSWER:**

5. If you contend Plaintiff contributed to cause, or failed to mitigate, his damages as pled, please describe in detail all ways in which Plaintiff has failed to mitigate his damages including any specific job openings or opportunities which you contend he could have and should have applied for after being denied employment by Defendant.

   **ANSWER:**

GILLESPIE SANFORD, LLP

By: /s/ *Joseph H. Gillespie*
Texas Bar Number 24036636
4803 Gaston Avenue
Dallas, Texas 75246
Ph:  214-800-5111
Fax:  214-838-0001
Email: joe@gillespiesanford.com

HALL ANSLEY,
A Professional Corporation

By: /s/ Adam P. Pihana
ADAM P. PIHANA
Missouri Bar Number 59540
TIMOTHY A. RICKER
Missouri Bar Number 62050

3275 East Ridgeview
Springfield, MO  65804
Telephone:      417/890-8700
Facsimile:       417/890-8855
Email: apihana@hallansley.com
Email: tricker@hallansley.com

*Attorneys for Plaintiff*

4

## CERTIFICATE OF SERVICE

      The undersigned certifies that on this Tuesday, November 26, 2024, the foregoing instrument was served via email and fax to Defendant's attorneys of record:

Monte.Hurst@hallettperrin.com
KBrumbalow@hallettperrin.com
Monte K. Hurst
Kristen A. Laster
Hallett & Perrin, P.C.
1445 Ross Avenue, Suite 2400
Dallas, Texas 75202
  *Attorneys for Defendant*

                                            HALL ANSLEY,
                                            A Professional Corporation

                                            By: /s/ Adam P. Pihana
                                            ADAM P. PIHANA
                                            Missouri Bar Number 59540